Shaun H. Crosner (SBN 259065)
SCrosner@PasichLLP.com
Michael S. Gehrt (SBN 246450)
MGehrt@PasichLLP.com
PASICH LLP
1230 Rosecrans Avenue, Suite 690
Manhattan Beach, CA 90266
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Kayla M. Robinson (SBN 322061)
KRobinson@PasichLLP.com
PASICH LLP
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA TILE, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation,<br><br>Defendant. | Case No.  2:22-cv-03013<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>**2. TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**and**<br><br>**3. DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

PASICH₊

1    Plaintiff Arizona Tile, LLC ("Arizona Tile"), on behalf of itself and the other

2    members of the below-defined Class and Subclass (collectively, the "Class

3    Members"), brings this class action against defendant Continental Casualty

4    Company ("Continental") and alleges as follows:

5    **NATURE OF THE ACTION**

6    1.    Continental sold its insureds, including Arizona Tile and the other

7    Class Members, "EPack 3" liability insurance policies, which promised broad

8    coverage for the insureds' alleged wrongful employment-related practices.

9    However, unbeknownst to its insureds, Continental included a hidden limitation in

10    its policies, surreptitiously seeking to curtail the coverage available.

11    2.    The EPack 3 policies at issue in this lawsuit contain an exclusion for

12    any claim "based upon or arising from . . . **wage and hour**," a phrase defined to

13    include "any actual or alleged violation of any United States law or common law

14    which regulates or governs employment wage, pay, or labor requirements or

15    standards . . . ." As framed, this exclusion reasonably would be read to exclude only

16    claims alleging violations of federal "wage and hour" laws. After all, the phrase

17    "United States law" as used in the exclusion logically would refer to labor laws of

18    the United States—i.e., federal labor laws like the Fair Labor Standards Act—but

19    not California labor laws or the labor laws of any other state. Given that neither the

20    exclusion itself nor the accompanying definition of the phrase "wage and hour"

21    suggest any contrary interpretation, an insured reading the "wage and hour"

22    exclusion would reasonably conclude that it had no bearing on coverage for claims

23    alleging violations of the California Labor Code or any other state labor law.

24    3.    Under California law and the law of every other state, as well as

25    insurance industry custom and practice, an insurer may only rely on exclusions and

26    limitations in insurance policcxies if they are plain, clear, and conspicuous. However,

27    despite the lack of any such exclusion or limitation in its EPack 3 policies,

28    Continental has failed and refused to provide Arizona Tile and the other Class

2

**CLASS ACTION COMPLAINT**

1  Members with coverage for claims alleging violations of the California Labor Code

2  and other state labor laws. In denying coverage for such claims, Continental has

3  relied on an inconspicuous limitation on coverage counterintuitively located in an

4  entirely different section of the EPack 3 policies. This hidden limitation, which

5  appears in the policies' General Terms and Conditions, states: "Any reference to

6  United States law will also include United States federal, state and local statutory

7  law, and any rules, regulations and amendments of such law or any such equivalent

8  foreign law."

9       4.    In wrongfully relying on an inconspicuous coverage limitation to deny

10  coverage to Arizona Tile and other Class Members, Continental has breached its

11  contractual obligations and acted in bad faith. This action seeks relief that would

12  remedy those wrongs.

13                    **JURISDICTION AND VENUE**

14       5.    This Court has original jurisdiction over this action under 28 U.S.C.

15  section 1332(d) because (a) at least one member of the proposed Class is a citizen of

16  a state different from that of Continental, (b) the amount in controversy exceeds

17  $5,000,000, exclusive of interest and costs, (c) there are, on information and belief,

18  at least 100 class members, and (d) none of the exceptions under 28 U.S.C. section

19  1332(d) apply to this action.

20       6.    This Court has personal jurisdiction over Continental because

21  Continental is registered to do business in California, has sufficient minimum

22  contacts in California, and otherwise intentionally avails itself of the markets within

23  California through its business activities, such that the exercise of jurisdiction by

24  this Court is proper. Moreover, certain of the claims of Arizona Tile and the Class

25  Members arise out of and directly relate to Continental's contacts with California.

26       7.    Venue is proper in this District under 28 U.S.C. section 1391(b)

27  because a substantial part of the events or omissions giving rise to Plaintiffs' claims

28  occurred in this District. Continental has also marketed, advertised, sold, and

3

**CLASS ACTION COMPLAINT**

maintained insurance policies, and otherwise conducted extensive business, within this District.

## **THE PARTIES**

8.     Arizona Tile is a limited liability company organized under the laws of Arizona, whose members are Arizona partnerships or corporations.

9.     Arizona Tile is informed and believes, and on that basis alleges, that Continental is an Illinois corporation, with its principal place of business in Chicago, Illinois. At all times material hereto, Continental was licensed to transact, and did transact, business in California and the County of Los Angeles.

10.     Arizona Tile is informed and believes, and on that basis alleges, that Continental is a subsidiary of CNA Financial Corporation and a member of the CNA group of insurance companies. Arizona Tile is informed and believes, and on that basis alleges, that Continental and the other CNA Financial Corporation insurance companies are, and hold themselves out as being, extremely sophisticated and knowledgeable in insuring against employment practices liabilities and claims. Arizona Tile is also informed and believes, and on that basis alleges, that Continental and the other CNA companies participate in a wide range of liability insurance programs and hold themselves out as being knowledgeable, experienced, and reliable, and willing to insure, and able to insure, substantial liability losses.

11.     On the CNA website, Continental and its corporate affiliates stress that they "focus on . . . providing insurance solutions that allow [their insureds] to better manage their risk and grow profitably." https://www.cna.com/web/guest/cna/about/aboutcna. Continental and its affiliates also highlight their ability to "continually evolve our products and services to anticipate and address our customers' needs." *Id.*

## **THE "EPACK 3" POLICY ISSUED BY CONTINENTAL**

12.     In late 2019, Continental and its corporate affiliates launched their new "EPack 3" line of liability insurance policies, which they touted as providing

4

coverage for a "broad range" of employment-related claims and allegations of wrongful employment practices. *See* https://www.cna.com/web/wcm/connect/056750fc-cfca-4e6f-b788-301d80e1c182/Epack3-Overview-SS.pdf?MOD=AJPERES. On their website, Continental and its affiliates represented that their EPack 3 policies were "designed with unbridled simplicity in mind" and "[w]ritten in a clear, concise and conversational tone." *Id.* Continental and its affiliates also stressed that their EPack 3 policies are "drafted in a streamlined manner that clearly delineates coverage grants from coverage exclusions," adding that their policies are "an easy-to-understand solution" for "businesses and non-profits of any size." *See* https://www.cnacanada.ca/web/guest/cnacanada/about/listofauthors/authorbio/blogdetails/SA-Abena-Apraku/epack-3-a-clear-approach-to-complex-risks. Continental and its affiliates also have touted the way in which their EPack 3 policies are organized, stating: "By compartmentalizing definitions and exclusions within coverage parts and drafting the exclusions in a table of contents format, there is increased clarity and less of a need to toggle back and forth between the General Terms and Conditions and the coverage parts." *Id.*

13.   Continental sold EPack 3 Policy No. 425542893 to Arizona Tile for the April 1, 2020, to April 1, 2021, policy period ("the Policy"). The Policy has a $3 million limit and a $50,000 retention. A true and correct copy of the Policy is attached hereto as Exhibit A and incorporated herein by reference. In advance of issuing the Policy to Arizona Tile, Continental engaged in, or had reasonable opportunities to engage in, extensive underwriting investigation, and became familiar and knowledgeable regarding the nature and scope of Arizona Tile's business and the nature of the risks that it was insuring against.

14.   The Policy's Employment Practices Liability ("EPL") Coverage Part requires Continental to "pay **loss** on behalf of the **insureds** arising from a **claim** against such **insureds** first made during the **policy period**." Policy, Employment Practices and Third Party Liability Coverage Part, at 1. The EPL coverage portion of

the Policy defines "**loss**" as "the amount that you are legally obligated to pay as a result of a **claim** including awards, settlements, compensatory damages (including back pay and front pay), judgments, pre-judgment and post-judgment interest, and claimants' attorney fees and costs attributable to the covered portion of a settlement or imposed as a result of a covered judgment, and **defense costs**." *Id.* at 2.

15.    The Policy further provides that Continental shall have "the right and duty to defend any **claim** even if the allegations in the **claim** are groundless false or fraudulent." *Id.* at 6.

16.    "Claim" is defined as any

(i)    written demand (excluding a subpoena) for monetary, non-monetary, injunctive, or declaratory relief, including a request to toll or waive a statute of limitations;

(ii)    written request for arbitration, mediation, or other alternative dispute resolution; or

(iii)    civil, administrative, or regulatory proceeding (excluding an audit), including an **EEOC** proceeding or proceeding by the Office of Federal Contract Compliance Programs,

by or on behalf of an **employee**, **applicant**, or **third party**, in their capacity as such, against an **insured** for a **wrongful act**.

*Id.* at 1.

17.    The Policy contains an exclusion for any "claim" "based upon or arising from . . . **wage and hour**." *Id.* at 4. The phrase "wage and hour" is defined to mean

any actual or alleged violation of any United States law or common law which regulates or governs employment wage, pay, or labor requirements or standards, including but not limited to:

(i)    the calculation, recordkeeping, timing or manner of payment of minimum wages, prevailing pay rates, overtime pay, or other compensation alleged to be due and owing, including the failure to compensate for any unpaid vacation pay, off the clock or remote work, or for employer sponsored activities;

(ii)    failure to provide or enforce legally required meal or rest break periods;

(iii)    the classification of any entity or person for wage and hour

purposes;

(iv) garnishments, withholdings, or other deductions from wages;

(v) use of federal or state tip credits or maintenance and distribution of tip pools; or

(vi) reimbursement of work-related expenses or tools to any person providing services or labor to or on behalf of an insured entity,

or any such similar practices, policies, or procedures.

*Id.* at 5.

18.    The phrase "United States law" is commonly understood to refer to federal law (i.e., the law of the United States), and there is no indication in the Policy's "wage and hour" exclusion that the phrase is intended to have any different or special meaning. Indeed, whereas the Policy contains dozens of bolded terms defined in the "Definitions" section of the Policy, the phrase "United States law" is not bolded and does not suggest that it is clarified or defined elsewhere in the Policy. The "wage and hour" exclusion also does not cross-reference any other provisions in the Policy. In short, an insured reading the "wage and hour" exclusion reasonably would conclude that it means what it says—namely, that the Policy only excludes coverage for alleged violations of federal "wage and hour" law, but not alleged violations of the California Labor Code or other state labor laws.

19.    Although Continental purportedly designed the EPack 3 with clarity in mind and organized its policy forms to be straightforward and easy to understand, it fell woefully short in drafting the "wage and hour" exclusion in the policies it sold to Arizona Tile and the Class Members. Hidden several pages away from the exclusion in a separate section of the Policy, Continental inserted a "Reference to Law" provision, which states: "Any reference to United States law will also include United States federal, state and local statutory law, and any rules, regulations and amendments of such law or any such equivalent foreign law." This hidden expansion of the traditional meaning of the phrase "United States law" is neither

7

plain nor conspicuous. Accordingly, consistent with insurance industry customs and practices and a wide body of case law in California and throughout the country requiring that coverage limitations be plain and conspicuous, the "Reference to Law" provision is unenforceable—and Continental is unable to rely on it as a basis to deny or contest coverage for any claims.

20.    As explained below, Continental has improperly relied on the "Reference to Law" provision in its EPack 3 policies to expand the scope of its "wage and hour" exclusions to deny coverage for claims and lawsuits alleging violations of the California Labor Code and other state labor laws. In so doing, Continental has breached its contractual obligations to Arizona Tile and the Class Members and acted in bad faith.

## THE *MARISCAL* LAWSUIT AND CONTINENTAL'S BREACHES

21.    On September 15, 2020, Edgar Mariscal filed a lawsuit in Orange County Superior Court, alleging that he was an employee of Arizona Tile and that he and others similarly situated had experienced treatment that violated California labor laws and, in particular, various provisions of the California Labor Code. Mr. Mariscal named Arizona Tile as a defendant and asserted ten causes of action for: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and (10) Violation of California Business & Professions Code §§ 17200, et seq. The

8

lawsuit subsequently was removed to federal court. Mr. Mariscal filed an amended complaint in federal court on May 28, 2021, including additional factual allegations, but continuing to assert all of his original claims.

22.    Arizona Tile timely reported the *Mariscal* lawsuit to Continental. By letter dated November 11, 2020, Continental denied coverage for the *Mariscal* lawsuit, relying on the Policy's "wage and hour" exclusion and stating that "[s]ince Plaintiff alleges violations of wage and hour laws only, the Policy does not provide coverage for this matter." Continental made this assertion even though the Policy's "wage and hour" exclusion only purports to bar coverage for certain alleged violations of "United States law"—not state labor laws like the ones at issue in the *Mariscal* lawsuit.

23.    Continental did not initially explain why it contended the "wage and hour" exclusion was relevant to Arizona Tile's claim. Accordingly, on April 6, 2021, Arizona Tile requested an explanation as to why Continental was relying on an exclusion that, by its plain terms, only barred coverage for lawsuits and claims alleging violations of federal "wage and hour" laws. Arizona Tile pointed out that the *Mariscal* lawsuit concerned violations of the California Labor Code, not any federal labor laws.

24.    Continental took several weeks to provide a substantive response to Arizona Tile's inquiries. On information and belief, the reason for the delay was that the Continental adjuster handling Arizona Tile's claim was, like Arizona Tile, unsure how the "wage and hour" exclusion in the Policy could apply as a bar to coverage for a lawsuit that alleged violations of state labor laws—and not any federal "wage and hour" laws.

25.    When Continental finally responded to Arizona Tile's inquiry on May 17, 2021, Continental's adjuster invoked the Policy's "wage and hour" definition, stating: "The definition of Wage and Hour in the policy means any violations of laws in the United States or common law, which would include California Laws,

9

PASICH.

1  governing wage, pay, etc. as outlined in the definition. So, this would encompass the

2  alleged violations."

3      26.    On May 27, 2021, Arizona Tile responded that, contrary to

4  Continental's explanation, the Policy's "wage and hour" exclusion does not actually

5  refer to "laws *in* the United States" but, rather, refers to "United States or common

6  law." Arizona Tile again requested an explanation as to how a state labor law found

7  in the California Labor Code could constitute "United States law." That same day,

8  Continental's adjuster agreed to elevate the claim for further review by others.

9      27.    Following this "further review," Continental's adjuster sent Arizona

10  Tile an e-mail on June 29, 2021, relying—*for the first time*—on the Policy's

11  "Reference to Law" provision, asserting that "reference to violations of any 'United

12  States law which regulate or govern employment wage, pay, or labor requirements

13  or standards . . .' in the definition of wage and hour would include California Laws

14  which regulate or govern employment wage, rate, pay or labor requirements or

15  standards." Through this e-mail, Continental reiterated its denial of coverage for the

16  *Mariscal* lawsuit.

17      28.    After incurring substantial sums defending itself against the claims

18  asserted in the *Mariscal* lawsuit, Arizona Tile negotiated a settlement to resolve the

19  lawsuit. Pursuant to the settlement, Arizona Tile agreed to pay $2.5 million to the

20  *Mariscal* plaintiffs upon final approval of the settlement by the *Mariscal* court.

21      29.    Thus, in breach of its obligations under the Policy and the law, and in

22  wrongful reliance on the "Reference to Law" provision of the Policy, Continental

23  has denied coverage, and continues to deny coverage, leaving Arizona Tile to bear

24  all of the defense costs and the settlement in the *Mariscal* lawsuit.

25      30.    Arizona Tile is informed and believes, and on that basis alleges, that

26  Continental has denied, or will deny, coverage to other Class Members for the same

27  reasons that it denied Arizona Tile's claim for coverage. Arizona Tile is informed

28  and believes, and on that basis alleges, that Continental denied coverage, and

10

continues to deny coverage, on this basis even though it knows that exclusions and limitations to coverage—like the "Reference to Law" provision and the "wage and hour" exclusion in the policies it sold to Arizona Tile and the class members—are only enforceable if they are plain, clear, and conspicuous.

31. Through its wrongful denials of coverage and improper claims handling practices, Continental has breached its contractual obligations to Arizona Tile and the other Class Members and acted in bad faith.

32. Continental's breaches and wrongful conduct as alleged herein have caused, and will continue to cause, significant damage to Arizona Tile and the other Class Members.

33. To the extent not waived or otherwise excused, Arizona Tile and the other Class Members have complied with all terms and conditions precedent contained in the policies sold to them by Continental. Therefore, Arizona Tile and the other Class Members are entitled to all benefits of insurance provided by their policies.

## CLASS ALLEGATIONS

34. Arizona Tile brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of itself and all others similarly situated.

35. Arizona Tile seeks to represent the following Class and Subclass:

a. **The Class**: All businesses that (i) on or after July 1, 2019, purchased from Continental EPack 3 insurance policies providing Employment Practices Liability coverage and containing the "wage and hour" exclusion and "Reference to Law" provision quoted above in paragraphs 17 and 19, respectively, (ii) faced "claims" alleging violations of one or more state labor code provisions or other state labor laws while their EPack 3 policies were in force, (iii) timely reported such "claims" to Continental, and (iv) were denied coverage by

11

Continental on the grounds that their policies' "wage and hour" exclusions, when read in conjunction with their policies' "Reference to Law" provisions, barred coverage for "claims" alleging violations of state labor code provisions and other state labor laws.

b. **The Subclass**: All businesses that (i) on or after July 1, 2019, purchased from Continental EPack 3 insurance policies providing Employment Practices Liability coverage and containing the "wage and hour" exclusion and "Reference to Law" provision quoted above in paragraphs 17 and 19, respectively, (ii) faced "claims" alleging one or more violations of the California Labor Code while their EPack 3 policies were in force, (iii) timely reported such "claims" to Continental, and (iv) were denied coverage by Continental on the grounds that their policies' "wage and hour" exclusions, when read in conjunction with their policies' "Reference to Law" provisions, barred coverage for "claims" alleging violations of state labor code provisions and other state labor laws.

36.    Excluded from the definition of Class is Continental and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Arizona Tile reserves the right to modify or amend the definition of the Class, as appropriate, during this litigation.

37.    This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

38.    **Numerosity**: The exact number of Class Members is not currently known to Arizona Tile and can be known only to it through appropriate discovery.

Arizona Tile is informed and believes, and on that basis alleges, that the Class will likely include hundreds or thousands of members, sufficiently numerous that joinder of all members in a single action is impractical. Arizona Tile is also informed and believes, and on that basis alleges, that the resolution of claims held by Class Members through the procedure of a class action will benefit the parties and the Court.

39. **Commonality**: This action involves common questions of fact and law, including, but not limited to, the following:

 a. Whether the "Reference to Law" provision in the policies sold to the Class Members is sufficiently plain, clear, and conspicuous to be enforceable;

 b. Whether the EPack 3 policies issued to the Class Members afford coverage for "claims" alleging violations of state labor code provisions and other state labor laws;

 c. Whether Continental wrongfully denied the claims of and the Class Members;

 d. Whether Continental has breached the implied covenant of good faith and fair dealing in denying coverage for the claims of the Class Members; and

 e. Whether Arizona Tile and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs.

40. **Predominance**: The questions set forth above predominate over any questions affecting only individual persons or entities, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of these claims. Hundreds or thousands of businesses have been, and continue to be, impacted by Continental's wrongful reliance on inconspicuous and unclear exclusions and limitations to coverage and Continental's improper failure and

13

refusal to acknowledge coverage under EPack 3 policies for "claims" alleging violations of state labor code provisions and other state labor laws. The claims of these businesses arise from a common factual predicate, as alleged herein.

41. **Typicality**: Arizona Tile's claims typify those of absent Class Members because they are reasonably coextensive with the claims of the other Class Members. Arizona Tile and the other members of the Class are all similarly affected by Continental's failure and refusal to acknowledge coverage under EPack 3 policies for "claims" alleging violations of state labor code provisions and other state labor laws. Arizona Tile's claims are based upon the same legal theories as those of the other members of the Class, and Arizona Tile and the other members of the Class sustained damages as a direct and proximate result of the same wrongful practices and positions of Continental.

42. Arizona Tile is informed and believes, and on that basis alleges, that Class Members are ascertainable based on Continental's records, including the policies that it has issued to Class Members and the relevant claims files. Arizona Tile is informed and believes, and on that basis alleges, that Class Members' names and addresses are available in Continental's records, and that based on those records, this Court can provide effective notice of this litigation and its developments to absent Class Members. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

43. **Adequacy of Representation**: Arizona Tile will fairly and adequately represent and protect the interests of the other members of the Class that it seeks to represent. Arizona Tile's interests align with those of the Class Members. Arizona Tile is prepared to represent the interests of absent Class Members vigorously. To that end, Arizona Tile has retained counsel experienced in insurance litigation, and it is prepared to retain additional experts and counselors, as needed. Neither Arizona

14

Tile nor its counsel have interests that conflict with the interests of the other Class members.

44. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests**: Arizona Tile seeks class-wide adjudication of the interpretation, and resultant scope, of the references to "United States law" in "wage and hour" exclusions in its Continental's EPack 3 policies sold to Arizona Tile and the Class members. The prosecution of separate actions by individual members of the Class would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Continental. Moreover, the adjudications sought by Arizona Tile could, as a practical matter, substantially impair or impede the ability of other members of the Class, who are not parties to this action, to protect their interests.

45. **Declaratory Relief:** Continental acted or refused to act on grounds generally applicable to Arizona Tile and the other Class Members, thereby making appropriate final declaratory relief, as described below, with respect to the members of the Class and the Subclass.

46. **Superiority**: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

# FIRST CAUSE OF ACTION

### *For Breach of Contract*

### (Brought on Behalf of Arizona Tile and the Class)

47.    Arizona Tile realleges and incorporates by reference paragraphs 1 through 46 above.

48.    Arizona Tile brings this claim individually and on behalf of the other members of the Class.

49.    Continental breached its duties under the policies that it issued to Arizona Tile and the other members of the Class by, among other things, improperly relying on inconspicuous and unclear coverage exclusions and limitations, wrongfully disputing and denying coverage for "claims" alleging violations of state labor code provisions and other state labor laws on the grounds that the "wage and hour" exclusion bars coverage for such "claims," failing and refusing to pay or reimburse covered defense costs and settlement expenses incurred in connection with such "claims," and otherwise acting as alleged herein.

50.    As a direct and proximate result of Continental's breaches, Arizona Tile and the other members of the Class have sustained, and continue to sustain, substantial damages for which Continental is liable, in amounts to be established at trial. Arizona Tile and the other members of the Class also are entitled to interest on their damages at the legal rate. Arizona Tile and the other members of the Class continue to suffer damages because of Continental's contractual breaches and will seek leave to amend this complaint once they determine the full extent of their damages.

# SECOND CAUSE OF ACTION

### *For Breach of Contract*

### (Brought on Behalf of Arizona Tile and the Subclass)

51.    Arizona Tile realleges and incorporates by reference paragraphs 1 through 46 above.

**CLASS ACTION COMPLAINT**

52.     Arizona Tile brings this claim individually and on behalf of the other members of the Subclass.

53.     Continental breached its duties under the policies that it issued to Arizona Tile and the other members of the Subclass by, among other things, improperly relying on inconspicuous and unclear coverage exclusions and limitations, wrongfully disputing and denying coverage for "claims" alleging violations of California Labor Code provisions on the grounds that the "wage and hour" exclusion bars coverage for such "claims," failing and refusing to pay or reimburse covered defense costs and settlement expenses incurred in connection with such "claims," and otherwise acting as alleged herein.

54.     As a direct and proximate result of Continental's breaches, Arizona Tile and the other members of the Subclass have sustained, and continue to sustain, substantial damages for which Continental is liable, in amounts to be established at trial. Arizona Tile and the other members of the Subclass also are entitled to interest on their damages at the legal rate. Arizona Tile and the other members of the Subclass continue to suffer damages because of Continental's contractual breaches and will seek leave to amend this complaint once they determine the full extent of their damages.

## THIRD CAUSE OF ACTION

### *For Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing*
### **(Brought on Behalf of Arizona Tile and the Subclass)**

55.     Arizona Tile realleges and incorporates by reference paragraphs 1 through 46, and 53 through 54 above.

56.     Arizona Tile brings this claim individually and on behalf of the other members of the Subclass.

57.     Implied in the policies issued by Continental was a covenant that Continental would act in good faith and deal fairly with Arizona Tile and the members of the Subclass, that Continental would not interfere with right of Arizona

17

PASICH

Tile and the members of the Subclass to receive benefits due under their respective EPack 3 policies, and that Continental would give at least the same level of consideration to the interests of Arizona Tile and the members of the Subclass as it gave to its own interests.

58.    Continental also had a duty under the policies it issued to Arizona Tile and the members of the Subclass, the law, and insurance industry custom, practice, and standards to conduct a prompt and thorough investigation, including as to all bases that might support the Subclass members and Arizona Tile's respective claims for insurance coverage before reserving rights to deny, and denying, coverage.

59.    Rather than comply with these duties, Continental acted in bad faith by, among other things, systematically and uniformly:

a.    wrongfully and unreasonably asserting grounds for denying coverage that Continental knew, or should have known, are not supported by, and in fact are contrary to, the terms of the EPack 3 policies, the law, insurance industry custom and practice, and the facts;

b.    failing to fully inquire into the bases that might support coverage the claims made by Arizona Tile and the members of the Subclass;

c.    failing to conduct an adequate investigation of the claims made by Arizona Tile and the members of the Subclass, and asserting grounds for disputing coverage based on its inadequate investigation;

d.    unreasonably failing and refusing to honor its promises and representations in the EPack 3 policies it issued to Arizona Tile and the members of the Subclass;

e.    giving greater consideration to its own interests than it gave to the interests of Arizona Tile and the members of the Subclass;

18

and

    f.    otherwise acting as alleged above.

60.    In breach of the implied covenant of good faith and fair dealing, Continental did the things and committed the acts alleged above for the purpose of consciously withholding from the Arizona Tile and the members of the Subclass the rights and benefits to which they are and were entitled under their policies.

61.    Continental's actions conflict with the reasonable expectations of Arizona Tile and the members of the Subclass, are contrary to established industry custom and practice, are contrary to legal requirements, are contrary to the express terms of the EPack 3 policies issued to Arizona Tile and the members of the Subclass, and constitute bad faith.

62.    As a direct and proximate result of Continental's actions, Arizona Tile and the members of the Subclass have been damaged in an amount exceeding the Court's jurisdictional limits. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Arizona Tile and the members of the Subclass have a right to recover all attorneys' fees they reasonably incurred, and continue to incur, in the efforts to obtain the benefits due under the EPack 3 policies that Continental has withheld, and is withholding, in bad faith. Arizona Tile and the members of the Subclass have a right to recover interest at the maximum legal rate.

63.    Arizona Tile and the members of the Subclass are informed and believe, and on that basis allege, that Continental, acting through one or more of its officers, directors, or other corporate employees with substantial independent and discretionary authority over significant aspects of its business, performed, authorized, or ratified the bad faith conduct alleged above.

64.    Continental's conduct is despicable and has been done with a conscious disregard of the rights of Arizona Tile and the members of the Subclass, constituting oppression, fraud, or malice. Continental engaged in a series of acts designed to deny the Arizona Tile and the members of the Subclass the benefits due under the

EPack 3 policies sold to them. Specifically, Continental, by acting as alleged above, in light of information, facts, and relevant law to the contrary, consciously disregarded the respective rights of Arizona Tile and the members of the Subclass and forced Arizona Tile and the members of the Subclass to incur substantial financial losses, thereby inflicting substantial financial damage on the Arizona Tile and the members of the Subclass. Continental ignored the interests and concerns of Arizona Tile and the members of the Subclass with the requisite intent to injure within the meaning of California Civil Code section 3294. Thus, Arizona Tile and the members of the Subclass have a right to recover punitive damages from Continental in an amount sufficient to punish and make an example of Continental and to deter similar conduct in the future.

## FOURTH CAUSE OF ACTION

### *For Declaratory Judgment*

**(Brought on Behalf of Arizona Tile and the Class)**

65.    Arizona Tile realleges and incorporates by reference paragraphs 1 through 46, and 49 through 50 above.

66.    Arizona Tile brings this claim individually and on behalf of the other members of the Class.

67.    Arizona Tile contends that it and the members of the Class are entitled to coverage under their EPack 3 policies for alleging violations of one or more state labor code provisions or other state labor laws. Arizona Tile is informed and believes, and on that basis alleges, that Continental disputes that Arizona Tile and the other members of the Class are entitled to such coverage. Therefore, an actual and justiciable controversy exists between Arizona Tile and the members of the Class, on the one hand, and Continental, on the other.

68.    Pursuant to 28 U.S.C. § 2201, Arizona Tile seeks a judicial declaration from this Court confirming that the contentions of Arizona Tile and the members of the Class, as stated above, are correct. A declaration is necessary so that the parties'

**CLASS ACTION COMPLAINT**

dispute may be resolved and that they may be aware of their respective rights and duties.

### FIFTH CAUSE OF ACTION

#### *For Declaratory Judgment*

#### (Brought on Behalf of Arizona Tile and the Subclass)

69.    Arizona Tile realleges and incorporates by reference paragraphs 1 through 46, 53 through 54, and 57 through 64, above.

70.    Arizona Tile brings this claim individually and on behalf of the other members of the Subclass.

71.    Arizona Tile contends that it and the members of the Class are entitled to coverage under their EPack 3 policies for "claims" alleging violations of one or more provisions of the California Labor Code. Arizona Tile is informed and believes, and on that basis alleges, that Continental disputes that Arizona Tile and the other members of the Subclass are entitled to such coverage. Therefore, an actual and justiciable controversy exists between Arizona Tile and the members of the Subclass, on the one hand, and Continental, on the other.

72.    Pursuant to 28 U.S.C. § 2201, Arizona Tile seeks a judicial declaration from this Court confirming that the contentions of Arizona Tile and the members of the Subclass, as stated above, are correct. A declaration is necessary so that the parties' dispute may be resolved and that they may be aware of their respective rights and duties.

### PRAYER FOR RELIEF

WHEREFORE, Arizona Tile, individually and on behalf of the members of the Class and Subclasses, prays for relief as follows:

### CLASS CERTIFICATION

1.    For an order certifying the proposed Class as defined above, designating Arizona Tile as Class representative, and appointing Arizona Tile's undersigned attorneys as counsel for the Class;

21

## ON THE FIRST CAUSE OF ACTION

2.      For damages according to proof at the time of trial, plus interest;

## ON THE SECOND CAUSE OF ACTION

3.      For damages according to proof at the time of trial, plus interest;

## ON THE THIRD CAUSE OF ACTION

4.      For damages according to proof at the time of trial, including reasonable attorneys' fees incurred in obtaining the benefits due under the policies issued by Continental to Arizona Tile and the members of the Subclass Members, plus interest; and

5.      For punitive damages in an amount to be determined at the time of trial;

## ON THE FOURTH CAUSE OF ACTION

6.      For declarations in accord with the contentions of Arizona Tile and the members of the Class, as stated above;

## ON THE FOURTH CAUSE OF ACTION

7.      For declarations in accord with the contentions of Arizona Tile and the members of the Subclass, as stated above;

## ON ALL CAUSES OF ACTION

8.      For the costs of this lawsuit; and

9.      For such other, further, or different relief as the Court may deem just and proper.

DATED: May 5, 2022                PASICH LLP

                                  By: */s/ Shaun H. Crosner*

                                  Shaun H. Crosner
                                  Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff Arizona Tile, LLC hereby demands a trial by jury in this action.

DATED: May 5, 2022                    PASICH LLP

By: */s/ Shaun H. Crosner*

Shaun H. Crosner
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**